

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONALD ANTOINE REED, PRO SE, | § | |
| TDCJ-CID No. 653274, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:08-CV-0242 |
| | § | |
| UNNAMED PRISON OFFICIALS, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff's Civil Rights Claims were severed from his Habeas action no. 2:08-CV-0202 by Order of the Court on December 24, 2008. Plaintiff's Civil Rights Complaint, as set forth on habeas form filed by plaintiff, was filed by the Clerk of even date therewith.

Plaintiff RONALD ANTOINE REED, proceeding *pro se* and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and requesting permission to proceed *in forma pauperis*.

On January 30, 2009, the Court issued a Notice of Deficiency Order giving plaintiff thirty days in which to cure the noted defects by providing, in relevant part, an I.F.P. Application with a history of his inmate trust account for the previous six-month period and an Amended Complaint setting forth his claims on the form provided by the Court. Plaintiff was warned a failure to fully and timely comply with the Order could lead to dismissal of the instant cause for failure to prosecute.

On February 17, 2009, plaintiff submitted an I.F.P. Application accompanied by a blank six-month history form showing no name or prisoner number and containing no information of any sort concerning any prisoner's inmate trust account. Further, although plaintiff was provided by the Notice of Deficiency Order with a form to utilize in filing an Amended Complaint, plaintiff has utterly failed to submit an Amended Complaint.

The response period has expired, and plaintiff's only pleading submission was the February 17, 2009 I.F.P. Application with the blank history of inmate trust account. It appears plaintiff refuses to submit an Amended Complaint and a six-month history of his inmate trust account.

A district court may dismiss actions sua sponte for failure to comply with a court order. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). Plaintiff has not fully complied with the Court's January 30, 2009 Notice of Deficiency Order and his complaint is not in compliance with Local Rule 5.3 and Miscellaneous Order 14 governing prisoner civil rights complaint.

The instant Report and Recommendation provides a final opportunity to provide the necessary six-month history of inmate trust account and Amended Complaint on the form provided by the Court. Absent compliance within the period for Objections, the instant cause should be dismissed for failure to comply with the Court's order.

**CONCLUSION**

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff RONALD ANTOINE REED be DISMISSED

FOR FAILURE TO PROSECUTE AND FOR FAILURE TO COMPLY WITH THE COURT'S ORDER.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of March, 2009.

*signature*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).